**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MOHAMED DIALLO,** | : | **CASE NO.:** |
| | : | |
| **Plaintiff,** | : | **JUDGE** |
| | : | |
| **v.** | : | |
| | : | **COMPLAINT; JURY** |
| **CORECIVIC, INC.** | : | **DEMAND ENDORSED HEREON** |
| | : | |
| **Defendant.** | : | |
| | : | |

Now comes Plaintiff, by and through counsel, and for his Complaint states as follows:

## PARTIES

1. Plaintiff is an adult male prison inmate.

2. Defendant is a for-profit corporation, registered to do business in Ohio, which owns and operates a correctional facility in Ohio known as Northeast Ohio Correctional Center ("NEOCC").

## JURISDICTION AND VENUE

3. This case is filed in this Court on the basis of diversity jurisdiction. Defendant has a standard practice of removing cases filed in Mahoning County, Ohio, where Defendant is located, to this Court on that basis, asserting that it is a Maryland corporation with a principal place of business in Tennessee.

4. Plaintiff's claims are based on Ohio law for negligence, and the negligence occurred in Mahoning County, Ohio, with this District.

## FACTS

5. On or about August 7, 2026, Plaintiff was housed at NEOCC under the care and custody of Defendant.

6. At around 5:00 a.m. on that day, a corrections officer opened Plaintiff's cell door. Two inmates entered Plaintiff's cell with knives and a sock filled with rocks. The inmates stabbed and brutally beat Plaintiff during an assault which lasted approximately 46 minutes.

7. Plaintiff suffered an orbital fracture, bilateral nose fractures, severe head and facial trauma and contusions, and trauma and bruising along his spine and lungs. He was taken to the emergency room and eventually had facial and orbital surgery and reconstruction.

8. As a direct and proximate result of Defendant's omissions, Plaintiff incurred the physical injuries described above and continues to suffer from severe psychological effects, including terror, nightmares, suicidal ideation, humiliation, depression, anxiety and other pain and suffering.

**CAUSE OF ACTION - NEGLIGENCE**

9. Violence between prison inmates is entirely foreseeable; indeed, it is expected.

10. The use of contraband by inmates to harm other inmates is entirely foreseeable; indeed, it is expected.

11. Plaintiff was captive at NEOCC among violent inmates, with Defendant being his only means of protection.

12. Defendant had a duty to protect Plaintiff from foreseeable harm.

13. Such duty included: adopting, implementing and enforcing policies and procedures for supervision of inmates and prevention of violence; preventing the possession and use of contraband by inmates; and adequately training staff on policies and procedures and holding staff accountable for failing to abide by the policies and procedures.

14. The harm which occurred to Plaintiff was entirely foreseeable in an environment where inmates are not adequately supervised, staff are not sufficiently trained, possession and

use of contraband by inmates is not prevented, and inmates are not protected from violence perpetrated by other inmates.

15. The injuries and harm committed upon Plaintiff were the proximate result of Defendant's breach of its duty for failing to train and supervise its personnel, failing to supervise and control the inmates in its custody, failing to prevent the possession of contraband which can be used to harm fellow inmates, and failing to protect Plaintiff from foreseeable and preventable harm.

16. But for Defendant's negligent supervision of housing areas and cells, the lengthy abuse could not have occurred.

17. But for Defendant's negligent training of its personnel, the negligent supervision of housing areas and cells could not have occurred.

18. But for Defendant's negligent failure to prevent the possession of contraband by inmates, the extended and harmful session of torture could not have occurred.

19. Furthermore, Defendant's omissions demonstrated such reckless disregard for the welfare of Plaintiff as to justify punitive damages and reimbursement of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant for compensatory damages greatly in excess of $75,000, reasonable attorneys' fees, punitive damages, prejudgment interest and post judgment interest, and costs.

Respectfully submitted,

/s/ Konrad Kircher______
Konrad Kircher (0059249)
KIRCHER LAW, LLC
312 Walnut St., Suite 1600
Cincinnati, OH 45202
Tel: 513-218-1252

Fax: 513-586-0840
konrad@kircher.law
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands trial by a jury of his peers as to all issues so triable herein.

/s/ Konrad Kircher__________
Konrad Kircher (0059249)